UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 25-2505

Caption [use short title]

Motion for: Leave to File Unredacted Briefs Under Seal

St. Paul Fire and Marine Insurance Company,

Defendant-Appellant,

Set forth below precise, complete statement of relief sought:

The Parties respectfully request that they be permitted to file unredacted versions of their briefs in this appeal under seal according to the same confidentiality parameters set forth in the district court's sealing order

v.

Scholastic Inc.,

Plaintiff-Appellee.

MOVING PARTY: Joint Motion

OPPOSING PARTY:

☑ Plaintiff    ☑ Defendant

☑ Appellant/Petitioner    ☑ Appellee/Respondent

MOVING ATTORNEY:

OPPOSING ATTORNEY:

[name of attorney, with firm, address, phone number and e-mail]

Laura Besvinick, Besvinick Nevins LLP, 1115 Anastasia Ave, Coral Gables, FL 33134

(786) 780-1101, laura.besvinick@bn-llp.com; Thomas Dupont, Anderson Kill P.C.,

7 Times Square, 15th Fl, NY, NY 10036, (212) 278-1020, tdupont@andersonkill.com

Court- Judge/ Agency appealed from: Hon. Jesse M. Furman of the United States District Court for the Southern District of New York

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain):

Opposing counsel's position on motion:
☑ Unopposed  ☐ Opposed  ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes  ☑ No  ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☐ Yes  ☐ No
Has this relief been previously sought in this court?  ☐ Yes  ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested?  ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☐ Yes  ☑ No  If yes, enter date:

**Signature of Moving Attorney:**

*Laura Besvinick*  Date: 1/20/2026  Service: ☑ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

    *Defendant-Appellant,*

v.

SCHOLASTIC INC.,

    *Plaintiff-Appellee.*

_____

No: 25-2505

District Court No.:
23-cv-03485-JMF

## <u>JOINT MOTION TO FILE UNREDACTED BRIEFS UNDER SEAL</u>

Defendant-Appellant St. Paul Fire and Marine Insurance Company

("Travelers") and Plaintiff-Appellee Scholastic Inc. ("Scholastic") (collectively, the

"Parties") respectfully move for leave to file unredacted versions of their

respective briefs in this appeal under seal, and in support thereof state:

1.    Travelers' initial brief will be filed on January 20, 2026. It includes

limited discussion of confidential documents and information that were filed under

seal in the district court pursuant to an Order dated December 16, 2024 (the

"Sealing Order"). (Dkt. No. 125). A copy of the Sealing Order is attached hereto as

**Exhibit A.** Scholastic anticipates that its brief will also discuss confidential

documents and information and also seeks leave to file its brief under seal.

2. In the district court below, the Parties had entered into a Stipulated Confidentiality Agreement and Protective Order dated December 18, 2023 to facilitate discovery (the "Protective Order"). (Dkt. No. 43). The Protective Order specifically incorporated the terms of the protective order entered in the underlying action styled *Vanderbilt University v. Scholastic, Inc., et al.,* Case No. 3:18-cv-0046 (the "Vanderbilt Action"), which protected the parties' sensitive business information from public disclosure.

3. In connection with filing motions for summary judgment and *Daubert* motions in this action, the Parties jointly requested leave to file certain documents under seal or in redacted form that disclosed the following categories of information:

- Communications between the parties in the Vanderbilt Action regarding negotiations of settlement;

- Documents and communications containing Scholastic's strategy or considerations in defending and settling the Vanderbilt Action, and

- Communications between Scholastic, its insurance companies, and its brokers regarding the defense and settlement of the Vanderbilt Action that Scholastic maintains are protected by the attorney-client privilege and common interest exception.

(the "Confidential Material").

4. The district court granted the Parties' motion, stating that it "will assess whether to keep the materials at issue sealed or redacted when deciding the

2

DOCS-100881063.1

underlying motions." (Sealing Order). On September 15, 2025, the district court entered an order on the Parties' summary judgment and *Daubert* motions, but the order did not address the Confidential Materials filed under seal. The district court never withdrew or modified its decision to grant the parties' joint motion to seal.

5. To date, the Confidential Materials remain filed under seal and are part of the record on appeal pursuant to Rule 10(a) of the Federal Rules of Appellate Procedure and remain subject to the Sealing Order.

6. Thus, the Parties respectfully request that they be permitted to file unredacted versions of their briefs in this appeal under seal according to the same confidentiality parameters set forth in the district court's Sealing Order.

7. Documents filed in a judicial proceeding are entitled to a presumptive right of public access that may only be overcome upon a showing of "countervailing factors," "exceptional circumstances," or "higher values" that warrant sealing. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124-25 (2d Cir. 2006). Courts regularly permit sealing of communications related to settlement negotiations and details relating to the settlement itself, such as the amount of the settlement, to encourage the settlement of actions and to protect a party's competitive standing. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (citing *U.S. v. Glens Falls Newspapers, Inc.*, 160 F.2d 853, 857 (2d Cir. 1998)). Additionally, such communications and settlement terms may be

3

sealed where disclosure threatens to harm a party's business interests. *See Legal Recovery Assocs. LLC v. Brenes LawGrp., P.C.*, No. 22-cv-1778(ER)(BCM), 2024 WL 1075276, at *1 (S.D.N.Y. Feb. 20, 2024).

8. The attorney-client privilege and work product doctrine are also sufficient bases to overcome the presumption of access to judicial documents. *See Lugosch*, 435 F.3d at 124-125.

9. The Settlement Agreements in the Vanderbilt Action were confidential, and Scholastic seeks to comply with its confidentiality obligations. Further, Scholastic maintains that public disclosure of information relating to the Vanderbilt Settlement, including communications between the parties about the Settlement, the amounts paid, and the terms of the confidential Settlement Agreements themselves would put Scholastic at a competitive disadvantage relative to its competitors. Specifically, this information would reveal the extent of Scholastic's willingness to settle certain claims.

10. Additionally, communications between the parties regarding settlement negotiations, and Scholastic's internal analysis of its defense and settlement strategy and related communications with its defense counsel, insurance companies and brokers have not been disclosed. Not only is Scholastic's defense and settlement strategy contained primarily in documents that Scholastic contends are protected by the work product doctrine – which, on their own, are entitled to

4

sealing – but Scholastic also maintains that exposure of that confidential material would likely provide Scholastic's competitors with valuable information about how Scholastic valued the claims against it and its strategy in resolving the underlying litigation. *See Lugosch*, 435 F.3d at 124-125.

11.     Accordingly, the Parties respectfully request that they be permitted to file unredacted versions of their briefs in this appeal under seal according to the same confidentiality parameters set forth in the district court's Sealing Order.

Dated: January 20, 2026

Respectfully submitted,

**ANDERSON KILL P.C.**
7 Times Square, 15th Floor
New York, NY 10036
Tel. 212-278-1020

/s/     *Thomas Dupont*
Thomas Dupont, Esq.

*Counsel for Plaintiff-Appellee*

**BESVINICK NEVINS LLP**
1115 Anastasia Avenue
Coral Gables, Florida 33134
Tel: (786) 780-1101

/s/ *Laura Besvinick*
Laura Besvinick, Esq.

*Counsel for Defendant-Appellant*

5

Joanne M. Engeldrum, Esq.
**RIVKIN RADLER LLP**
926 RXR Plaza
Uniondale, NY 11556-0926
(516) 357-3000

6

DOCS-100881063.1

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the ACMS system. I certify that all participants in the case are registered ACMS users and that service will be accomplished by the ACMS system.

Respectfully submitted,

**BESVINICK NEVINS LLP**
1115 Anastasia Avenue
Coral Gables, Florida 33134
Tel: (786) 780-1101

/s/ *Laura Besvinick*
**Laura Besvinick**
laura.besvinick@bn-llp.com
service@bn-llp.com

7

DOCS-100881063.1

# EXHIBIT A

# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX:  212-278-1733
www.andersonkill.com

Thomas Dupont
tdupont@andersonkill.com
212-278-1014

*By ECF*

December 13, 2024

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007
(212) 805-0282

> Re:    *Scholastic Inc. v. St. Paul Fire and Marine Insurance*
> *Company*, Case No. 1:23-cv-03485-JMF; Joint Letter
> Motion to File *Daubert* Motions Under Seal

Dear Judge Furman:

Anderson Kill P.C. represents Plaintiff Scholastic Inc. ("Scholastic") in the above-referenced action.  We write jointly with Defendant St. Paul Fire and Marine Insurance Company ("Travelers") pursuant to Rule 7.C(ii) of this Court's Individual Rules and Practices and the parties' Stipulated Confidentiality Agreement and Protective Order dated December 18, 2023 (Dkt. No. 43) (the "Protective Order") to request leave for the parties to file certain documents under seal or in a redacted form in connection with their respective *Daubert* motions, motions for summary judgment, and accompanying exhibits.  Pursuant to this Court's Rule 7.A, the parties conferred on Monday, December 2, 2024, with subsequent follow-up conversations, regarding the collective need to seal or redact those motions and exhibits.

As the Court is aware, documents filed in a judicial proceeding are entitled to a presumptive right of public access that may only be overcome upon a showing of "countervailing factors," "exceptional circumstances," or "higher values" that warrant sealing.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124-25 (2d Cir. 2006).  Courts regularly permit sealing of communications related to settlement negotiations and details relating to the settlement itself, such as the amount of the settlement, to encourage the settlement of actions and to protect a party's competitive standing.  *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (citing *U.S. v. Glens Falls Newspapers, Inc.*, 160 F.2d 853, 857 (2d Cir. 1998)).  Additionally, such communications and settlement terms may be sealed where disclosure threatens to harm a party's business interests.  *See Legal Recovery Assocs. LLC v. Brenes Law Grp., P.C.*, No. 22-cv-1778(ER)(BCM), 2024 WL 1075276, at *1 (S.D.N.Y. Feb. 20, 2024).  The attorney-client privilege and work product doctrine are also sufficient bases to overcome the presumption of access to judicial documents.  *See Lugosch*, 435 F.3d at 124-125.

**Anderson Kill P.C.**

Hon. Jesse M. Furman
December 13, 2024
Page 2

In this Action, the parties have engaged in discovery pursuant to the Protective Order (Dkt. No. 43) that protects, *inter alia*, the following categories of documents:

(i)     previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(ii)    previously non-disclosed business plans, product-development information, or marketing plans; and

(iii)   any trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the Party producing or disclosing Discovery Material, be detrimental to the conduct of that Party's business or the business of any of that Party's customers or clients.

Additionally, the Protective Order in this Action specifically incorporates the terms of the protective order entered in the underlying Vanderbilt Action, under which the parties in the Vanderbilt Action designated as confidential their sensitive business information. Under the language of the present Protective Order, Scholastic was permitted to re-designate those materials as confidential in the present Action.

Pursuant to the confidentiality designations in this Action, the parties seek leave to file the following categories of information under seal or redacted in connection with their *Daubert* motions and motions for summary judgment:

• Communications between the parties in the Vanderbilt Action regarding negotiations of the Vanderbilt Settlement;

• Documents and communications containing Scholastic's strategy or considerations in defending and settling the Vanderbilt Action, and

• Communications between Scholastic, its insurance companies, and its brokers regarding the defense and settlement of the Vanderbilt Action that Scholastic maintains are protected by the attorney-client privilege and common interest exception.

It is well settled that communications regarding settlement negotiations may be sealed to protect the confidentiality of such negotiations and to foster public policy in favor of settling actions. *See Gambale*, 377 F.3d at 143. Additionally, such communications and settlement terms may be sealed where disclosure threatens to harm a party's business interests. *See Legal*

**Anderson Kill P.C.**

Hon. Jesse M. Furman
December 13, 2024
Page 3

*Recovery Assocs. LLC*, 2024 WL 1075276, at \*1.  Here, the Settlement Agreements in the Vanderbilt Action were confidential, and Scholastic seeks to comply with its confidentiality obligations.  Further, Scholastic maintains that public disclosure of information relating to the Vanderbilt Settlement, including communications between the parties about the Settlement, the amounts paid, and the terms of the confidential Settlement Agreements themselves would put Scholastic at a competitive disadvantage relative to its competitors.  Specifically, this information would reveal the extent of Scholastic's willingness to settle certain claims.

Additionally, communications between the parties regarding settlement negotiations, and Scholastic's internal analysis of its defense and settlement strategy and related communications with its defense counsel, insurance companies and brokers have not been disclosed.  Not only is Scholastic's defense and settlement strategy contained primarily in documents that Scholastic maintains are protected by the work product doctrine – which, on their own, are entitled to sealing – but exposure of that confidential material would likely provide Scholastic's competitors with valuable information about how Scholastic valued the claims against it and its strategy in resolving the underlying litigation.  *See Lugosch*, 435 F.3d at 124-125.

Accordingly, the parties respectfully request that they be permitted to file such documents under seal or in a redacted form.  The parties will continue to meet and confer before each briefing deadline of the current case management order and will write to the Court regarding any other categories of documents that the parties will request leave to file under seal or redacted.  The parties thank the Court for its consideration of this matter.

Pursuant to the Court's Rule 7.C, the parties will be filing the proposed documents for sealing or redaction following the filing of this Letter Motion and will electronically relate those documents to the Letter Motion in ECF.

Respectfully submitted,

Thomas Dupont

cc:   All Counsel of Record (by ECF)

The motion to seal is granted temporarily.  The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions.  The Clerk of Court is directed to terminate ECF Nos. 97 and 98.

SO ORDERED.

December 16, 2024